## THE POLARIA.[1]

### (*District Court, E. D. New York.* July 11, 1885.)

PERSONAL INJURIES—NEGLIGENCE OF SAILOR IN UNLASHING A SKID.

A skid belonging to a stevedore employed to load a steam-ship had been placed by his men resting on its side on the deck of the vessel, and leaning against the fore-rigging. lashed to it. The lashing was unfastened, and the skid fell and injured the libelant, who was in the employ of a warehouseman, and was engaged on the deck of the vessel in counting bags into which grain was being put. The proof was that, when it fell, a sailor was engaged in tarring the rigging against which it rested. *Held*, that the fair inference was that the sailor unlashed the skid, and that this was negligence of a servant which occurred in the course of discharging a duty imposed on him by his employer, for which the employer was liable, and that no negligence on the libelant's part contributed to the accident. A release given to the stevedore by the libelant was *held* no defense, since on the proofs there was no negligence on the stevedore's part, and he was not responsible for the sailor's act.

In Admiralty.

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

*Horace Graves,* for libelant, Thomas Gannon.

*Ullo, Ruebsamen & Hubbe,* for claimant.

BENEDICT, J.  The injuries to the libelant were in consequence of the falling upon him of a skid belonging to a stevedore employed to load the steam-ship Polaria, which skid had been placed by the stevedore's men, resting upon its side, on the deck of the steamer, and leaning against the fore-rigging, and lashed to the rigging.  So lashed, the skid was not dangerous, and it could not have fallen as it did unless the lashing had been unfastened by some one.  The case turns upon the question, who is responsible for the unlashing of the skid?  The proof is, that when the skid fell upon the libelant a sailor was engaged in tarring the rigging against which the skid rested.  In order to tar the rigging properly, it would be necessary for the sailor to unfasten the lashing of the skid; but considering the size and weight of the skid, and the motion of the vessel, the skid would be dangerous while unfastened, unless otherwise supported.  The lashing was unfastened and the skid left unsupported, and in consequence it fell and injured the libelant.

The fair inference from the testimony is that the sailor who was tarring the rigging unlashed the skid for the purpose of enabling him to tar the rigging at that point.  It is therefore found that the injuries to the libelant arose from the negligence of the sailor, such negligence consisting in casting off the lashing that bound the skid to the rigging.  For this negligence of his servant the employer is responsible, because it occurred in the course of discharging a duty imposed upon the servant by the command given by the employer to tar the rigging.  So long as the skid remained lashed the rigging could not be properly tarred.  The case is one where a servant, not maliciously, nor for his own interest, but with a view to further his master's interest, acted upon his own judgment in a contingency that arose in the course of his employment, but acted carelessly.  For such an act the employer is liable.  The duty in which the sailor was engaged was a ship's duty, connected with the tackle of the ship, and required for the preservation thereof.  A lien upon the ship was therefore created by the negligent performance of that duty by the sailor.  The fact that the libelant has given a release to the stevedore is no defense.  Upon the proofs there was no negligence on the part of the stevedore.  He had no connection with the sailor, nor was he in any way responsible for the sailor's act.

No negligence on the part of the libelant contributed to the accident.  He must therefore recover of the steamer his damages caused by the falling of the skid upon him, which may fairly be put at $450. For that sum and costs let a decree be entered.